IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MARCUS VATHIS,<br>    #23030552,<br>            PETITIONER, | §<br>§<br>§<br>§ | |
| V. | § | CIVIL CASE NO. 3:24-CV-1030-D-BK |
| MARION BROWN,<br>            RESPONDENT. | §<br>§<br>§<br>§ | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Christopher Marcus Vathis' *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Vathis' motion to proceed *in forma pauperis*. Doc. 8. As detailed here, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** under the *Younger v. Harris* abstention doctrine.

**I. BACKGROUND**

Vathis, a state pretrial detainee, is confined in the Dallas County Jail on a grand jury indictment that charges him with aggravated assault with a deadly weapon. *State v. Vathis*, No. F2376610 (282nd Jud. Dist. Ct., Dallas Cnty., Tex.); Doc. 6 at 1. According to the state trial court docket sheet, he was appointed counsel and, on December 22, 2023, was found to be incompetent and committed to the North Texas State Hospital Vernon Campus.[1] Vathis'

---

[1] The trial court docket sheet is available by entering the case number at https://www.dallascounty.org/services/record-search/ (last accessed May 21, 2024).

allegations are difficult to decipher.  Doc. 3 at 1-5.  However, he appears to challenge his pending criminal charge based on violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution.  *Id.*; Doc. 4 at 1; Doc. 5 at 1.  Vathis also requests a change of venue and to review the evidence and discovery.  Doc. 3 at 1.

**II. ANALYSIS**

Challenges raised in a pretrial habeas corpus petition are governed by 28 U.S.C. § 2241.  *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).  A § 2241 habeas petition is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Wottlin v. Fleming,* 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of habeas petitions).[2]

Pretrial habeas review is limited, however, to avoid unwarranted interference with ongoing state-court criminal proceedings.  *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) (applying *Younger* abstention doctrine to pretrial habeas petition and noting "[t]here is no practical difference between granting federal habeas relief from a pending state criminal trial and enjoining the same trial").  Therefore, this Court must first examine the threshold question of whether it has subject matter jurisdiction.

As stated *supra*, Vathis seeks to raise constitutional challenges to his pending state criminal case proceedings.  But the *Younger* abstention doctrine precludes federal courts from granting injunctive or habeas relief based on constitutional challenges to state criminal

---

[2] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by § 2254.

prosecutions that are pending at the time the federal action is instituted. *Younger v. Harris,* 401 U.S. 37, 41 (1971); *Kolski*, 544 F.2d at 766. *Younger* applies if three criteria are satisfied: (1) the dispute involves an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding is implicated; and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges. *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citations omitted).

The *Younger* abstention requirements are met here. First, Vathis asks the Court to intervene to resolve issues related to his ongoing state criminal case, and a grant of federal habeas relief would necessarily interfere with the state court's ability to conduct its own proceedings, in contravention of *Younger*. *See Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) ("Interference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'"). Second, the state obviously has a vital interest in prosecuting violations of its criminal laws. *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). Third, Vathis can litigate the claims he raises here in the state proceedings where he is represented by court-appointed counsel.

Finally, while there are narrow exceptions to the *Younger* abstention doctrine, Vathis has not suggested, much less shown, that any apply here. *See Gates*, 885 F.3d at 881 (detailing exceptions and noting the petitioner bears the burden of proof (citing *Younger*, 401 U.S. at 45)). In sum, because Vathis cannot show that any exception to the *Younger* abstention doctrine is warranted, the Court should abstain from exercising habeas jurisdiction over his claims that seek federal intervention in his pending Dallas County prosecution. *See Kolski*, 544 F.2d at 766

(affirming denial of federal habeas petition by state pretrial detainee relating to his pending criminal prosecution).

### III. CONCLUSION

Vathis' habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** under the *Younger* abstention doctrine.

**SO RECOMMENDED** on May 21, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).